IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

BILLY JACK THOMAS, :
:
Petitioner, :
:
vs. : CIVIL ACTION 12-0365-KD-M
:
TONY PATTERSON, :
:
Respondent. :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Tony Patterson and against Petitioner Billy Jack Thomas pursuant to 28 U.S.C. § 2244(d). It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner was convicted of two counts of capital murder in the Mobile County Circuit Court on November 20, 1996 for which he was sentenced, on the recommendation of the jury, to death on both counts (*see* Doc. 9, Exhibit 1, pp. 5-7).  On December 30, 1999, the Alabama Court of Criminal Appeals affirmed the convictions but remanded the action back to the trial court, pursuant to the requests of both the State and Thomas, with instructions that the lower court enter a proper sentencing order.  *Thomas v. State*, 824 So.2d 1 (Ala. Crim. App. 1999).  On return to remand, the Alabama Court of Criminal Appeals again remanded the action, holding that the jury had not received proper instructions for sentencing; the appellate court ordered that a new sentencing be conducted before a properly instructed jury.  *Thomas v. State*, 824 So.2d 67 (Ala. Crim. App. 2000).  On remand, Thomas and the State "filed a joint motion to waive the advisory sentencing jury and recommended that Thomas be sentenced to serve a term of life imprisonment, without the possibility of parole" (*see* Doc. 9, p. 2).  On August 20, 2001, that motion was granted and the trial court sentenced Thomas to life imprisonment, without the possibility of parole, on both counts (Doc. 9, Exhibit 1, p. 11).  The appellate court affirmed the sentence.  *Thomas v. State*, 824 So.2d 76 (Ala. Crim. App. 2001).  The certificate of judgment was entered on February 14,

2002 (Doc. 9, Exhibit 1, p. 12).

Thomas filed a State Rule 32 petition on January 4, 2010 (Doc. 1, p. 4). Following the denial of the petition by the lower court, the Alabama Court of Criminal Appeals dismissed the appeal and, on September 21, 2010, entered a certificate of judgment (Doc. 9, Exhibits 7-8).

Petitioner filed a complaint with this Court on May 24, 2012[1] raising the single claim that his conviction was a violation of the double jeopardy clause (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 9, pp. 4-7). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

---

[1]Petitioner initiated this action on May 24, 2012 with the delivery of this petition to prison officials (Doc. 1, p. 13).

28 U.S.C. § 2244(d)(1)(A).  The AEDPA became effective on April 24, 1996.  *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on February 14, 2002, the day on which the Alabama Court of Criminal Appeals entered the certificate of judgment (Doc. 9, Exhibit 1, p. 12).  However, because Thomas had ninety days in which to seek direct review of his conviction in the U.S. Supreme Court, those ninety days do not count against him—whether he actually sought review or not.  *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001).  This means that Petitioner had until May 15, 2002 to seek review with the U.S. Supreme Court.  On the next day, May 16, 2002, the AEDPA limitations clock began to run and Thomas had until May 15, 2003 to seek habeas review in the federal courts.

Petitioner's habeas corpus petition was not filed in this Court until May 24, 2012, more than nine years after the limitations period had expired.  The Court notes that Thomas filed a Rule 32 petition in state court on January 4, 2010, nearly seven years after the limitations period had expired.  However, the Eleventh Circuit Court of Appeals has held that

"[a] state court petition [] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000). Petitioner's Rule 32 petition was filed too late to toll the statute.

Clearly, Petitioner's habeas corpus petition was filed well beyond the one-year grace period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.[2]

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Tony Patterson and against Petitioner Billy Jack Thomas pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue

[2]Petitioner has asserted that the AEDPA claim is not applicable here because he has raised a jurisdictional claim (Doc. 11). However, the claim raised in this action, that his sentencing violates the double jeopardy clause, is not a jurisdictional claim.

or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Thomas has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Thomas should be allowed to proceed further. *Slack* 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further”).

## CONCLUSION

It is recommended that Petitioner’s petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE’S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a “Statement of Objection to Magistrate Judge’s Recommendation” within fourteen days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall

submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 18th day of October, 2012.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE